IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN COOKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3921 |
| | § | |
| DON H. JASPERS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is an FLSA case. The plaintiffs, Ryan Cooke, Jason Houston, Shawn Farrenkopf, and Christopher Teixeira, sue on behalf of themselves and other similarly situated former employees of the defendant Electronic Concepts, Inc. (ECI), alleging a failure to pay overtime for hours worked in excess of forty hours in a work week. ECI is a Colorado-based company that had a location in Houston, Texas. ECI's business was installing satellite TV and home audio-visual equipment. The plaintiffs are electronics installers formerly employed with ECI.

The plaintiffs also sued Adam Jaspers, the owner and a corporate officer of ECI. He lives in Colorado. Jaspers has moved to dismiss for lack of personal jurisdiction, asserting that the fiduciary-shield doctrine applies. (Docket Entry No. 49). The plaintiffs have responded that the fiduciary-shield doctrine does not apply to FLSA claims for unpaid wages. (Docket Entry No. 50). Jaspers replied, (Docket Entry No. 53), the plaintiffs surreplied, (Docket Entry No. 54), and Jaspers replied, (Docket Entry No. 55).

TBD was added as a defendant in a second amended complaint filed more than eighteen months after the suit was filed. TBD purchased certain assets of ECI—asserted to be vehicles and

office equipment—when ECI stopped doing business in its Texas location. TBD has moved to dismiss for failure to state a claim. (Docket Entry No. 51). The plaintiffs have responded. (Docket Entry No. 56).

Based on the pleadings; the motions and responses; the record; and the applicable law, this court denies Jaspers's motion to dismiss for lack of personal jurisdiction and grants TBD's motion to dismiss for failure to state a claim. The plaintiffs may amend as to TBD no later than **March 31, 2010**.

The reasons for this ruling are set out below.

I.     **Personal Jurisdiction Over Jaspers**

   A.    **The Record**

Jaspers submitted a declaration in support of his motion to dismiss. He stated that although he lived in Texas until he graduated from high school in 2001, he then moved to Colorado and has lived there since. He had a Texas driver's license but since 2002 has had a Colorado license. He neither owns nor rents property in Texas nor has a bank account in Texas. Jaspers stated that his role as ECI's owner and officer did not extend to overseeing the day-to-day operations of the Houston location. Instead, ECI had Houston area managers. Those managers "determined the compensation and working hours for Texas employees and supervised their work"; Jaspers did not "hire or discharge any of the named plaintiffs . . . did not set the pay rates or the working hours for any of them," and "did not supervise their work or discipline them." Jaspers also stated that ECI ceased its Texas operations after its biggest client went out of business. Jaspers stated that he visited Texas once for ECI, to attend a mediation, after the plaintiffs had filed this suit but before they named him as a defendant. (Docket Entry No. 53, Ex. 1, Declaration of Adam Jaspers).

The plaintiffs submitted ECI's responses to interrogatories, signed by Jaspers. The answers state that employees were allowed to submit whatever amount of "time" they worked, without constraints put on them by ECI, because ECI believed that this made employees more productive. "Employees were offered 1 to 4 jobs a day and were permitted to work at their own pace." (Docket Entry No. 54, Ex. A, Interrogatory No. 3). According to Jaspers, "[n]o one was required to work beyond 8 hours a day or 40 hours a week. All additional time, including time not worked between jobs and time for personal responsibilities when employees returned home during the day, was paid at their hourly rate." (*Id.*). "All installers were expected to honestly report the hours worked and submit them by week's end." (*Id.*, Interrogatory No. 5). According to Jaspers, a Houston manager used the employee-submitted time sheets to compile an Excel file that was sent to Jaspers, who used it to generate the payroll using a Quick Books online program that he maintained. (*Id.*). Employees were paid weekly. (*Id.*, Interrogatory No. 3). The pay included a "productivity bonus," which covered "overtime without approval," paid at the hourly rate. (*Id.*, Interrogatories No. 15, 19). The plaintiffs also submitted copies of their paychecks, signed by Jaspers, and a transcript of a tape recording made of Adam Jaspers, without his knowledge, that had not previously been produced to the defendants. (*Id.*, Ex. B and C; Docket Entry No. 55).

In moving to dismiss, Jaspers relies on the fiduciary-shield doctrine. The plaintiffs dispute that it applies to an FLSA case. The arguments are evaluated below.

**B.     Discussion**

Jaspers does not move to dismiss for failure to state a claim under Rule 12(b)(6). Instead, he moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2). In response to a Rule 12(b)(2) challenge to a court's personal jurisdiction over a nonresident defendant, the plaintiff bears

the burden of establishing that the court has jurisdiction. *See Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (summary calendar). The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The law, however, does not require the court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required only to present facts sufficient to constitute a *prima facie* case of personal jurisdiction. *See Central Freight Lines*, 322 F.3d at 380; *Brown v. Slenker*, 220 F.3d 411, 417 (5th Cir. 2000); *Alpine View*, 205 F.3d at 215. The plaintiff need not establish jurisdiction by a preponderance of the evidence. *See Luv n' care*, 438 F.3d at 469.

Because the FLSA is silent on service of process, this court may exercise personal jurisdiction over only those defendants who are subject to the jurisdiction of Texas courts. *See Astorga v. Connleaf, Inc.*, 962 F. Supp. 93, 95 (W.D. Tex. 1996). The Texas long-arm statute, Texas Civil Practice & Remedies Code § 17.041 *et seq.*, confers jurisdiction to the limit permitted by due process.[1] *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *see also Stroman Realty,*

---

[1] The Texas long-arm statute provides:
> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
> (2) commits a tort in whole or in part in this state; or

4

*Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 459 (2008). In Texas, the personal jurisdiction inquiry is the due process analysis. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424–25 (5th Cir. 2005).

Due process permits the exercise of personal jurisdiction over a nonresident defendant when the plaintiff shows that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)). A court must determine first whether the defendant has the requisite minimum contacts with the forum state, and second whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Panda Brandywine*, 253 F.3d at 867.

"Minimum contacts" can be established by either of two methods, general jurisdiction or specific jurisdiction. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). General jurisdiction is established when the nonresident defendant has substantial contacts with the forum state, which are continuous and systematic, but which are not related to the pending litigation. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984). Specific jurisdiction, on the other hand, requires only that the nonresident defendant have purposeful contact with the forum state which arises out of or is directly related to the cause of action. *See id.* at 414 n.8.

---

(3) recruits Texas residents, directly or through an intermediary located in
this state, for employment inside or outside this state.
TEX. CIV. PRAC. & REM. CODE § 17.042.

Jaspers relies on the "fiduciary-shield" doctrine. Under that doctrine, "personal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the forum court's jurisdiction that would subject them to the application of the state's long-arm statute." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1069.4 (3d ed. 2002).

Jaspers cites *General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 795 (5th Cir. 2007). In that case, the court explained that while the fiduciary-shield doctrine could prohibit a court from ascribing acts of the corporation to the nonresident defendant corporate officer/employee, the doctrine does not prohibit the officer/employee from being held personally liable for his own conduct by virtue of his corporate status. *Id*.

In the present case, Jaspers is alleged to be liable as an "employer" under the FLSA. An individual who owns or works for a company can be held individually liable for violating the overtime provision of the FLSA as an "employer" within the meaning of the Act. 29 U.S.C. § 203(d); *id.* § 207(a)(1); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–72 (5th Cir. 1984). Section 203 broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Analyzing whether an individual falls within this definition "must focus upon the totality of the circumstances, underscoring the economic realities of the [employees'] employment." *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Grim Hotel Co.*, 747 F.2d at 972

(quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). An officer individual qualifies as an employer for this purpose if the individual has "substantial control of the terms and conditions of the [employee's] work" or "operational control," *id.* at 971–72 (quotations omitted), or "effectively dominates [the corporate] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees," *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

In *Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984), the individual defendant, the founder and president of the five corporate defendants, argued that the district court lacked personal jurisdiction over him because his only contacts with Texas were in a corporate capacity. The court rejected this argument because he was being sued under FLSA as an "employer." *Id.* at 973. The court explained that neither Texas nor federal law allowed the defendant to hide behind his corporate status. The fiduciary-shield doctrine did not bar jurisdiction over the individual officer because he was being sued for his own specific acts, which had reasonably foreseeable consequences within Texas, not for the corporation's acts. *Id.* at 973 n.11.

The record shows that Jaspers has not lived in Texas since 2001 (when he was 18) or had a Texas driver's license since 2002. The record shows that ECI's Houston location had a local manager who supervised the employees. But the record also shows that Jaspers owned ECI, kept the payroll records, and issued the paychecks. The answers to interrogatories state ECI's corporate policy of how employees were paid and how the records of the time worked were created and maintained. There is no basis in the record to conclude that these day-to-day operational policies were set by anyone but Jaspers. In this case, as in *General Retail*, while the fiduciary-shield doctrine could prohibit this court from ascribing acts of ECI to Jaspers, it does not prohibit Jaspers from

7

being held personally liable for his own conduct in operating ECI and setting the compensation and record-keeping policies that had foreseeable consequences in Texas, simply because he owned and was an officer of ECI. *See General Retail*, 255 F. App'x at 795. Based on the record before the court, a *prima facie* showing of specific jurisdiction has been made.[2]

Jaspers has not shown that the exercise of jurisdiction over him would violate traditional notions of fair play and substantial justice. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). Only one factor, the burden on Jaspers, weighs in his favor. But the plaintiffs' interest in obtaining convenient and effective relief in Texas is just as great. Because Texas has an interest in protecting its employees and judicial economy is served by maintaining the action in one single forum, it is fair to make Jaspers litigate in Texas.

The motion to dismiss for lack of personal jurisdiction is denied. The motion for sanctions is also denied for failure to comply with Rule 11's safe-harbor provisions and for failure to show that sanctions are appropriate.

## II.     TBD's Motion to Dismiss for Failure to State a Claim

The second amended complaint does not contain any allegations that would permit a fact finder to infer that TBD was an "employer" of the plaintiffs. The complaint makes global allegations against the "defendants."

In its motion to dismiss, TBD states that it acquired some of the assets of ECI—vehicles and office equipment—after that company's largest Texas client, Circuit City, filed for bankruptcy protection. In response, the plaintiffs appear to argue that ECI went out of business during the pendency of this suit after a contract that ECI hoped to obtain with Wal-Mart to obtain home theater

---

[2] This court is not relying on the transcript of the tape recording of Jaspers, given the uncertainties as to how it was made and whether it was timely disclosed in discovery.

systems was instead awarded to TBD. The plaintiffs appear to argue that some of them installed Wal-Mart home-theater systems in customers' homes after the contract was awarded to TBD, while the plaintiffs were still employed by ECI. The plaintiffs argue that they were not paid for that work, even though they complained to Jaspers. The plaintiffs argue that this made TBD either a joint employer with ECI or a successor employer to ECI.

The FLSA defines an "employer" in part, as "any person acting directly or indirectly in the interest of an employer." 29 U.S.C. § 203(d). Whether an entity is an employer for the purpose of the FLSA turns on the "economic reality" of the working relationship. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961). The determination of an employment relationship "does not depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). The FLSA's definition of "employer" contemplates the possibility of multiple employers. A single individual may be the employee of two or more employers at the same time. The Department of Labor regulations state that a joint employment relationship exists when there is an arrangement between employers to share an employee's services; one employer is acting directly or indirectly in the interest of the other employer or employers in relation to the employee; or the employers are associated with one another, directly or indirectly, with respect to the employment of the employee because one employer controls, is controlled by, or is under common control with the other employer. 29 C.F.R. § 791.2(b).

"The 'economic reality' test includes inquires into: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (quoting *Carter v.*

*Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). The Fifth Circuit has also applied a five-factor test. In *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668 (5th Cir. 1968), the court stated: "In considering whether a person or corporation is an 'employer' or 'joint employer', the total employment situation should be considered with particular regard to the following questions: (1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment condition of the employees?; (4) Do the employees perform a 'specialty job' within the production line?; and (5) May the employee refuse to work for the company or work for others?" *Id.* at 669. No one factor is determinative of whether a defendant is an "employer" under the FLSA. Assuming there are no material facts in dispute, whether a party is a joint employer is a question of law. *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1206 (7th Cir. 1986) (per curiam).

One circuit court has addressed the issue of successor liability under the FLSA. In *Steinbach v. Hubbard*, 51 F.3d 843 (9th Cir. 1995), the court concluded that the analysis used to extend potential liability to successor employers under the NLRA, Title VII, 42 U.S.C. § 1981, the ADEA, ERISA, and the Multiemployer Pension Plan Amendments Act (MPPAA) justified the application of the successorship doctrine under the FLSA as well. *Id.*; *see also Chao v. Concrete Mgmt. Res., L.L.C.*, No. 08-2501-JWL, 2009 WL 564381, at *3 (D. Kan. 2009).

In the present case, the second amended complaint does not contain any specific allegations against TBD to put it on notice that or how the plaintiffs assert successor- or joint -employer liability. There is no allegation that puts TBD on notice of the basis of the claim or shows the plaintiffs' entitlement to relief against TBD. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The motion to dismiss is granted. The plaintiffs have leave to amend, consistent with Rule 11, to set out the basis for their claim that TBD

is an employer liable under the FLSA. The amended complaint must be filed no later than **March 31, 2010**.

        SIGNED on March 10, 2010, at Houston, Texas.

                                            Lee H. Rosenthal
                                      United States District Judge